IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| JOHN H. HAMILTON, SR. | § | CASE NO. 10-35770 |
|     DEBTOR | § | (Chapter 7) |
| _____ | § | |
| | § | |
| Bank of America, N.A. as successor | § | |
| to Wells Fargo, N.A. as Trustee for the | § | |
| registered holders of Wachovia Bank | § | |
| Commercial Mortgage Trust, Commercial | § | |
| Mortgage Pass-Through Certificates, | § | |
| Series 2006-C23 | § | |
| | § | |
| | § | |
|     Plaintiff | § | ADV. PRO. NO. _____ |
| | § | |
| v. | § | |
| | § | |
| John H. Hamilton, Sr. | § | |
|     Defendant | § | |

**COMPLAINT TO DETERMINE**
**DISCHARGEABILTY OF DEBT PURSUANT TO 11 U.S.C. §523(a)**

      Plaintiff, Bank of America, N.A. as successor to Wells Fargo, N.A. as Trustee for the Registered Holders of Wachovia Bank Commercial Mortgage Trust, Commercial Mortgage Pass-Through Certificates, Series 2006-C23 files its Complaint to Determine Dischargeability of Debt Pursuant to 11 U.S.C. §523(a) and would respectfully represents as follows:

**PARTIES, JURISDICTION AND VENUE**

      1.    The Plaintiff is Bank of America, N.A. as successor to Wells Fargo, N.A. as Trustee for the Registered Holders of Wachovia Bank Commercial Mortgage Trust, Commercial Mortgage Pass-Through Certificates, Series 2006-C23. Bank of America, N.A. succeeded Wells Fargo Bank, NA as trustee on March 31, 2009.

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT   Page 1**

2. Defendant is an individual who resides at 33203 West Haddon Court, Fulshear, Texas 77076. The Defendant is a Chapter 7 debtor before this court having filed the above numbered and styled bankruptcy case on July 6, 2010.

3. This Court has jurisdiction over this matter under 28 U.S.C. 1334 and 11 U.S.C. §523. This matter is a core proceeding within the meaning of 28 U.S.C. §157 (b)(2)(I). This action is brought under *Fed. R. Bankr. P*. 4007 and 7001, *et seq.*

4. Venue is proper in this district pursuant to 28 U.S.C. §1409.

## STATEMENT OF FACTS

5. On or about September 13, 2005, Windsor at Grand Parkway, L.P. ("Windsor") executed and delivered to Artesia Mortgage Capital Corporation ("Artesia") a Fixed Rate Note ("Note") in the total principal sum of $14,250,000.00 bearing interest as therein set forth (the "Loan") .

6. The purpose of the Note was to provide financing for Windsor to purchase certain real and personal property located at 402 West Grand Parkway South, Katy, Texas 77494 (the "Property"). The Property can generally be described as a commercial shopping center consisting of approximately 92,200 square feet of rentable space. The name of the shopping center is Times Square Plaza. The Property was purchased from Grand Parkway Times Square Ltd., an entity owned and controlled by John H. Hamilton, the Defendant. The Defendant personally gained from the sale of the Property.

7. The anchor tenant of the shopping center is Times Square Entertainment ("TSE"); a combination restaurant, sports bar, pool hall and bowling alley. At one time prior to the Loan, the Defendant owned an interest in TSE.

8. On or about September 13, 2005, Windsor, executed and delivered to Artesia a Commercial Deed of Trust, Security Agreement, Fixture Filing Financing Statement and

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT   Page 2**

Assignment of Leases, Rents, Income and Profits (the "Deed of Trust") securing the Note.  The Deed of Trust was duly recorded in the public records of Harris County, Texas, on or about September 19, 2005.  A UCC Financing Statement was duly filed with the Texas Secretary of State on September 20, 2005.

9. To induce Artesia to make the Loan to Windsor, Defendant executed a Limited Recourse Obligations Guaranty (the "Guaranty") in connection with Loan.  As additional inducement for Artesia to make the Loan to Windsor, Defendant presented a number of leases for the leased space in the shopping center indicating a certain level of cash flow from rents sufficient to justify the amount of the Loan to Windsor.  One of the leases was a 5-year lease with TSE as the anchor tenant for the Property.  TSE is the largest tenant of the shopping center, occupying 46,801 square fee of the total 92,200 rental square feet available in the shopping center; (50.76%).  TSE had a 5-year lease at the time of the loan from Artesia that provided for rent to be calculated at $19.80 per square foot (the "Times Square Lease").  The terms of the Time Square Lease accounted for approximately 60% of the total rental revenue for the Property.  In addition to his guaranty of the Note, and as an additional inducement for Artesia to make the Loan to Windsor, Defendant also executed a guaranty of the Times Square Lease (the "Times Square Lease Guaranty").

10. In connection with each of the guaranties, at the time of the Loan, Defendant submitted a financial statement concerning the Defendant's assets and liabilities (the "Financial Statement").  The Financial Statement showed a net worth of $96,968,662.00; including $7,503,646 of cash.

11. On information and belief, the Financial Statement contained materially false representations and was provided with an intent to deceive the lender regarding the financial condition of Defendant and Defendant's ability to satisfy his obligations under each of the guaranties.

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT   Page 3**

12. Upon information and belief, the Defendant was to remain as an owner of TSE after the purchase of the Real Property by Windsor. At the time of the Loan, the Defendant refused to proceed with the sale unless Barry Chapman, the owner of Windsor, purchased the Defendant's full interest in TSE. The Defendant orchestrated a loan from Windsor to Chapman in the amount of $307,404 despite the knowledge that the loan left Windsor undercapitalized and unable to perform its obligations under the Note

13. On or about September 19, 2005, the Loan was negotiated, assigned and transferred to the Plaintiff. Plaintiff is the legal owner and holder of the Note, the Deed of Trust, the Assignment of Leases and Rents, the guarantees and all related loan and security documents and interests.

14. After going into default on the Note, Windsor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on March 2, 2009 in the Southern District of Texas under case number 09-31469. The case was a single asset real estate case. TSE failed to timely make its rental payments to Windsor throughout the term of its lease. At the time of the Windsor bankruptcy filing, TSE owed approximately $900,000 in back rent to Windsor. This rent receivable also serves as collateral for the Note pursuant to the terms of the loan documents.

15. Demand was made on the Defendant to perform under the Guaranty, but he failed to do so. Defendant's obligations under the Guaranty and the Times Square Lease Guaranty remains outstanding.

16. On July 6, 2010, the Defendant filed a voluntary petition in bankruptcy under Chapter 11 of the Bankruptcy Code. On October 26, 2010, this case was converted to a proceeding under Chapter 7.

**COUNT 1 - 11 U.S.C. §523(a)(2)(B)**

17. The Plaintiff realleges the allegations of paragraphs 1 through 16, as if fully set forth herein.

18. The Defendant made use of a statement in writing that was materially false, respecting the Defendant's financial condition, on which the Plaintiff reasonably relied, and was issued by the Defendant with the intent to deceive.

19. Accordingly, Defendant should be denied a discharge of the Plaintiff's debt pursuant to the provisions of section 523(a)(2)(B) of the Bankruptcy Code.

**COUNT 2 - 11 U.S.C. §523(a)(2)(A)**

20. The Plaintiff realleges the allegations of paragraphs 1 through 19, as if fully set forth herein.

21. The Defendant, individually and through his affiliated entities, obtained money and property through false pretense, false representation or actual fraud.

22. The Plaintiff extended funds to Windsor to finance the acquisition of the Property based upon the false pretense and material misrepresentation that approximately one-half of the available rental space was leased to an anchor tenant with the ability to pay rent at the rate of $19.80 per square foot when the Defendant knew that the tenant could not sustain that rent payment from its operations.

23. Accordingly, Defendant should be denied a discharge of the Plaintiff's debt pursuant to the provisions of section 523(a)(2)(A) of the Bankruptcy Code.

**COUNT 3 - 11 U.S.C.§523(A)(6)**

24. The Plaintiff realleges the allegations of paragraphs 1 through 23, as if fully set forth herein.

25. The Defendant committed willful and malicious injury to another entity or property of another entity.

26. Defendant's last minute demand for Chapman to buy out Defendant's interest in TSE and orchestrating a loan of $307,404 from Windsor to Chapman to do so deprived Windsor of badly needed working capital and damaged Windsor's ability to make the required payments under the Note. The result was a default by Windsor on the Note which harmed the Plaintiff and the value of Plaintiff's collateral.

27. The Defendant's action constitutes the willful and malicious injury to the Plaintiff and Plaintiff's collateral for the Loan to Windsor.

28. Accordingly, Defendant should be denied a discharge of the Plaintiff's debt pursuant to the provisions of section 523(a)(6) of the Bankruptcy Code.

WHEREFORE, Bank of America, N.A., as successor to Wells Fargo, N.A. as Trustee for the Registered Holders of Wachovia Bank Commercial Mortgage Trust, Commercial Mortgage Pass-Through Certificates, Series 2006-C23 prays that the debt owed to Plaintiff by Defendant be determined nondischargeable and that Plaintiff be granted such other and further relief as the Court deems just.

Dated: January 14, 2011.

Respectfully Submitted,

QUILLING, SELANDER, LOWNDS,
  WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas  75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)

By: _____/s/   John Paul Stanford_____
      John Paul Stanford
      Texas Bar No. 19037350
      Jstanford@qslwm.com

ATTORNEYS FOR BANK OF AMERICA, N.A. SUCCESSOR TO WELLS FARGO, N.A. AS TRUSTEE FOR THE REGISTERED HOLDERS OF WACHOVIA BANK COMMERCIAL MORTGAGE TRUST, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-C23