IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| JOHN H. HAMILTON, SR. | § | CASE NO. 10-35770 |
|     DEBTOR | § | (Chapter 7) |
| | § | |
| Bank of America, N.A. as successor to Wells Fargo, N.A. as Trustee for the registered holders of Wachovia Bank Commercial Mortgage Trust, Commercial Mortgage Pass-Through Certificates, Series 2006-C23 | § | |
| | § | |
|     Plaintiff | § | ADV. PRO. NO. 11-03020 |
| v. | § | |
| John H. Hamilton, Sr. | § | |
|     Defendant | § | |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

TO THE HONORABLE JEFF BOHM, UNITED STATES BANKRUPTCY JUDGE:

Plaintiff, Bank of America, N.A. as successor to Wells Fargo, N.A. as Trustee for the Registered Holders of Wachovia Bank Commercial Mortgage Trust, Commercial Mortgage Pass-Through Certificates, Series 2006-C23 (the "Plaintiff") files its Response to Defendant's Motion to Dismiss for Failure to State a Claim and would respectfully show the court as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter under 28 U.S.C. §1334 and 11 U.S.C. §523. This matter is a core proceeding within the meaning of 28 U.S.C. §157 (b)(2)(I). Venue is proper in this district pursuant to 28 U.S.C. §1409.

## PROCEDURAL AND BACKGROUND FACTS

2. Plaintiff filed its Complaint Objecting to the Dischargeability of its debt pursuant to §523 of the Bankruptcy Code on January 14, 2011 (the "Complaint") [Docket No. 1]. The Plaintiff pled three (3) counts by which it asserts that the dischargeability of its debt should be denied under §523 of the Bankruptcy Code.

3. In lieu of filing an Answer, on February 22, 2011, Defendant filed its Motion to Dismiss for Failure to State a Claim (the "Motion to Dismiss) [Docket No. 9]. The Defendant sought to serve the pleading on the Plaintiff only by way of the automatic ECF notification as disclosed in the certificate of service in the Motion to Dismiss. The ECF confirmation for the filing of the Motion, however, advised the filer that notice would not be electronically mailed to counsel for the Plaintiff. The filing of the Motion to Dismiss went undetected by the Plaintiff until it was brought to its counsel attention on March 7, 2011. Counsel for the parties agree that notice was effective on March 7, 2011 and the proper response deadline is March 28, 2011.

4. In his Motion to Dismiss, Defendant only addressed one (1) of the Plaintiff's three (3) causes of action. Based on the reasons discussed more fully below, Plaintiff respectfully requests that the Defendant's Motion to Dismiss be denied.

## ARGUMENTS AND AUTHORITIES

5. In considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6), made applicable to this proceeding by Fed. R. Bankr.P. 7012, a court must "accept all well-pleaded allegations in the complaint as true, and view them in the light most favorable to the plaintiff." *Carino v. Stefan*, 376 F.3d 156, 159 (3d Cir.2004). The court is not required to find that the plaintiff is likely to prevail at trial, only whether "under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Pinkerton v.. Roche Holdings Ltd.,* 292 F.3d 361, 374 n. 7 (3d Cir.2002). The notice

pleading requirements of Federal Rule of Civil Procedure 8 and case law do not require an inordinate amount of detail or precision. *McManus v. Fleetwood Enterprises, Inc.,* 320 F.3d 545, 551 (5th Cir. 2003) (quoting *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 434 (5th Cir.2000)). The requirement is to provide fair notice of claims, and nothing more. The plaintiff need not correctly specify the legal theory, so long as the plaintiff alleges facts upon which relief can be granted. *Id*.

6. Rule 12(b)(6) must be read in conjunction with Rule 8(a), which calls for a short and plain statement of the claim showing that the pleader is entitled to relief. *Swierkiewicz v. Sorema*, 534 U.S. 506, 512 (2002); FED. R. CIV. P. 12(b)(6); FED. R. CIV. P. 8(a).

7. When a court analyzes the sufficiency of a complaint, the complaint must be liberally construed in the claimant's favor, and all facts pleaded in the complaint must be taken as true. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2002); *In re U.S. Abatement Corp.*, 39 F.3d 556, 559 (5th Cir. 1994) (citing *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994)); *Cinel v. Connick*, 15 F.3d 1338 (5th Cir. 1994); *Shushany v. Allwaste, Inc.*, 992 F.2d 517, 520 (5th Cir. 1993). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Gregson v. Zurich American Ins. Co.*, 322 F.3d 883, 885 (5th Cir. 2003); *Baker v. Putnal,* 75 F.3d 190, 198 (5th Cir. 1996).

8. "In sum, the issue is not whether Defendant will ultimately prevail, but whether Defendant is entitled to offer evidence to support the claims." *Swierkiewicz*, 534 S.Ct. at 997 (quoting *Scheuer*, 416 U.S. at 236). As a result, a motion to dismiss under Rule 12(b)(6) "is viewed with disfavor and is rarely granted." *Manguno*, 276 F.3d at 725 (quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982)); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). *See also Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242 (5th Cir. 1997). A court should not dismiss a case for failure to state a claim upon which relief may

be granted under Rule 12(b)(6) unless it "appears that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 335 U.S. 41 (1957).

9. In his Motion to Dismiss, Defendant appears to request dismissal of the entire Complaint even though its Motion to Dismiss alleges only that Count 3 of the Complaint fails to state a claim under 11 U.S.C. §523(a)(6) upon which relief can be granted. *Compare* Motion to Dismiss ¶ 6 *with* Motion to Dismiss, Section III. Relief Requested (requesting the Complaint be dismissed with prejudice) and Section V. Prayer (requesting the Complaint be dismissed with prejudice). Because the entirety of Defendant's Motion to Dismiss only argues that the allegations in the Complaint fail to state a basis upon which relief can be granted with respect to Count 3— that the Debtor be denied a discharge of the debt owed to the Plaintiff pursuant to Section 523(a)(6) of the Bankruptcy Code— this response will only address Count 3.

10. In his Motion to Dismiss, Defendant states that the Complaint fails to state a claim for which relief can be granted under Section 523(a)(6) of the Bankruptcy Code because "nowhere in the Complaint, except the bare recitation of the elements of §523(a)(6) in Paragraph Nos. 25 and 27, is there any allegation relating to any action of Hamilton that constituted the willful and malicious conduct against Windsor [at Grand Parkway] or against the Bank that is required under §523(a)(6)." See Motion to Dismiss ¶6.

11. The allegations contained in paragraphs 9, 12 and 14 of the Complaint are sufficient to put the Defendant on notice as to the nature of the Plaintiff's Section 523(a)(6) claim. The Plaintiff describes the willful acts committed by the Defendant that led to the malicious injury to the Plaintiff and its collateral. A plaintiff is not required to plead specific facts in support of each element of its *prima facie* case, provided that fair notice of such claims and their basis is given to

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**
 Page 4

the defendant. *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 438 (5th Cir. 2004); *Carlson v. TransUnion*, 259 F.Supp.2d 517, 520 (N.D. Tex. 2003).

12.     The Defendant continually points out that he did not own an interest in Windsor, the entity that borrowed the funds from the lender. The Defendant, however, obscures the point of the loan transaction; to procure funding so that Windsor could purchase the shopping center from the Defendant's company so the Defendant could profit from the sale. The Defendant was aware that the size of the loan needed to complete the sale at a profit for himself required an anchor tenant with hefty lease payments. The facts will show that his involvement in the anchor tenant, Times Square Entertainment ("TSE"), along with his personal guaranty of the loan and the lease of TSE was required to allow the borrower to qualify for the loan; from which the Defendant would profited. Accordingly, the Defendant's willful conduct that necessarily caused harm to the operations and performance of the shopping center known as Times Square Plaza, resulted in malicious injury to Plaintiff's collateral. The Supreme Court has recognized that to survive a motion to dismiss, the plaintiff must only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007); *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (recognizing a change in the standard of review). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 127 S.Ct. at 1965 (quotation marks, citations, and footnote omitted).

13.     The facts will show that the Defendant waited until such time as the loan was ready to close to demand that his interest in TSE be purchased by Chapman or he would back out of the deal. A delay in closing would have caused the loss of the borrower's earnest money. Defendant left the primary borrower and its property to twist in the wind as the Defendant escaped from the deal

with his profit up front. The Defendant now seeks to avoid the consequence of his actions by discharging his guaranty of the debt incurred by the borrower that was set up to fail. An injury to an entity or property may be a malicious injury within the provisions of 523(a)(6) if it was intentional and without just cause. *Chrysler Credit Corp. v. Perry Chrysler Plymouth*, 783 F.2d 480. 486 (5th Cir. 1986) – even in the absence of personal hatred, spite or ill-will. See, *Printy v. Dean Witter Reynolds, Inc.*, 110 F.3d 853, 858 (1st Cir. 1997) *citing In re Walker,* 48 F.3d 1161, 1164 (11th Cir. 1995).

14.     Courts have held that an injury inflicted intentionally and deliberately, and either with the intent to cause the harm complained of, or in circumstances in which the harm was certain or almost certain to result from the debtor's act, constitutes willful and malicious conduct under section 523(a)(6). *See Printy v. Dean Witter Reynolds*, 110 F.3d at 859. The Defendant's action was certain, or almost certain, to result in damage to the operations of the shopping center which was central to determining the value of the property serving as collateral to the Plaintiff.

15.     Injuries covered by section 523(a)(6) discharge exception are not confined to physical damage or destruction; an injury to intangible personal or property rights is sufficient. In *First Nat'l Bank of Fayetteville, Ark. v. Phillips (In re Phillips)*, 882 F.2d 302 (8th Cir. 1989), the court stated, "It has long been held that the breach of a security agreement may be sufficient to render a secured debt nondischargeable under section 523(a)(6)." *Id.* at 305 (citing Davis v. Aetna Acceptance Co., 293 U.S. 328 (1934)). In *Waugh v. Eldridge (In re Waugh)*, 95 F.3d 706 (8th Cir. 1996), the court affirmed that conduct was willful and malicious where the debtor/company president "repeatedly engaged in transactions to the benefit of himself and the other shareholders and to the detriment of Rising Fast Trucking creditors." *Id.* at 711, 713. A debtor need not have the sole motive of injuring a creditor in order to have a debt made nondischargeable under § 523(a)(6).

16. The Defendant recites only certain passages from the Complaint in its Motion to Dismiss to argue that Windsor's default on the $14.25 million loan more than three years after the TSE transaction and the closing of the loan "is simply too remote in time as a matter of law for a $374,000 loan from Windsor to Chapman to result in any injury to the Bank." See Motion to Dismiss ¶11. The Defendant failed to recite the additional facts pled in the Complaint that TSE failed to make its payments in a timely fashion throughout the term of the lease and that at the time of the bankruptcy filing, TSE owed Windsor over $900,000 in back rent. It is easily inferred that this amount of back rent accumulated over this three-year period and not on the eve of bankruptcy. Accordingly, the consequence of the Defendant's action is not as remote in time and the Defendant would have this court to believe. As a result, the borrower struggled, and then failed, to make its payments on the loan.

17. There is no "probability requirement at the pleading stage" and consideration of the rarity of court's application of the doctrine is inconsequential. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007). Instead, all that is required at the pleading stage is that there are "enough facts to raise a reasonable expectation that discovery will reveal evidence" to support the cause of action being claimed. *Id*. A well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

18. Plaintiff believes it has adequately stated its claims. If the Court, however, finds that Count 3 fails to state a claim for relief the Plaintiff requests leave of the court to amend its Complaint to address any deficiencies.

19. In the event the court finds that Count 3 should be dismissed for failure to state a claim, the Plaintiff prays that only Count 3 be dismissed and that the Defendant be directed to file its answer to the remaining counts within the time limits provided by the federal rules.

WHEREFORE, Bank of America, N.A., as successor to Wells Fargo, N.A. as Trustee for the registered holders of Wachovia Bank Commercial Mortgage Trust, Commercial Mortgage Pass-Through Certificates, Series 2006-C23 prays that the Defendant's Motin to Dismiss for Failure to State a Claim be, in all things, denied for the reasons set forth above, and for such other and further relief as the Court deems just.

Dated: March 28, 2011.

        Respectfully Submitted

        QUILLING, SELANDER, LOWNDS,
          WINSLETT & MOSER, P.C.
        2001 Bryan Street, Suite 1800
        Dallas, Texas 75201
        (214) 871-2100 (Telephone)
        (214) 871-2111 (Facsimile)

By:     */s/ John Paul Stanford*
        John Paul Stanford
        Texas Bar No. 19037350
        Jstanford@qslwm.com

ATTORNEYS FOR BANK OF AMERICA, N.A. SUCCESSOR TO WELLS FARGO, N.A. AS TRUSTEE FOR THE REGISTERED HOLDERS OF WACHOVIA BANK COMMERCIAL MORTGAGE TRUST, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-C23

## CERTIFICATE OF SERVICE

      I hereby certify that on the 28th day of March, 2011, the above Plaintiff's Response to Defendant's Moton to Dismiss for Failure to State a Claim was served via U.S. First Class mail to the parties set forth below.

Counsel for the Defendant:

Andrew M. Caplan
WEYCER, KAPLAN, PULASKI
& ZUBER, P.C.
1400 Summit Tower
Eleven Greenway Plaza
Houston, Texas 77046

Jeff Carruth
WEYCER, KAPLAN, PULASKI
& ZUBER, P.C.
3030 Matlock Rd., Suite 201
Arlington, TX 76015

                                                */s/ John Paul Stanford*
                                                John Paul Stanford